Oliver W. and Mamie M. Bryant v. Commissioner.
Oliver W. & Bryant v. Commissioner
Docket No. 27114.
United States Tax Court
1952 Tax Ct. Memo LEXIS 234; 11 T.C.M. (CCH) 430; T.C.M. (RIA) 52129; May 2, 1952
*234 Malcolm E. Rosser, Esq., for the petitioners. Jackson L. Bailey, Esq., for the respondent. HILL
Memorandum Opinion HILL, Judge: The respondent has determined a deficiency against the petitioners for the taxable year 1948 in the sum of $38.39. This deficiency arises through the disallowance by the respondent of items deducted on the return filed, as follows: Meals
$119.87
Interest
13.90
Breakage of watch
9.00
Special work clothing
56.40
Laundry
52.00
Flower fund
7.00
The proceeding was heard at Muskogee, Oklahoma, on May 8, 1951, by Henry C. Stockell, who was designated as a Commissioner for that purpose pursuant to Rule 48 of the Rules of Practice of the Tax Court and section 1114 (b) of the Internal Revenue Code. The Commissioner has filed his report setting forth his findings of fact with respect to the proceeding and neither of the parties hereto has filed exceptions to such findings. Upon examination, we approve the Commissioner's findings and hereby adopt and include them herein as our findings of fact. [The Facts] The petitioners are husband and wife and residents of Muskogee, Oklahoma, and the return *235 in question, signed only by Oliver W. Bryant, was filed with the collector of internal revenue for the district of Oklahoma. During the taxable year the petitioner Oliver W. Bryant, hereinafter referred to as the petitioner, was employed as a hospital attendant in the Veterans' Administration Hospital at Muskogee, Oklahoma. The requirements of his employment were that he stay at the hospital for the full day of employment. The hospital furnished his midday meal, making a charge against his salary therefor. The total amount deducted from salary for such meals during the taxable year was $119.87. If meals had not been furnished to petitioner by the hospital under this arrangement, he would have taken a lunch from home with him. [Opinion] It is indicated that the furnishing of a midday meal each day to this petitioner by the hospital at a nominal charge was for the benefit of the employee and merely relieved him from the expense of providing his own midday meal by a lunch carried from home. Under such circumstances, it can not be said that the cost to petitioner of such midday meal was for the benefit of his employer and placed upon him as a condition of his service. Under such *236 conditions, the cost of these meals represents a personal expense and is not subject to deduction, and respondent is sustained in his disallowance. Petitioner in his work was required to carry and maintain a watch at his own expense. This watch was broken during the course of his attendance upon a patient and repaired at a cost of $9. Respondent, on brief, concedes that the deduction of this repair cost is allowable. On his return, petitioner deducted the sum of $21.20 as interest, of which amount the sum of $13.90 was disallowed by respondent in determining the deficiency. The amount so disallowed was claimed to have been paid by petitioner for purchases on the installment plan from Montgomery Ward & Co., and Nelson Furniture Co. At the hearing, proof of the payment was sustained of $7.31, designated as "carrying charges" and representing six per cent on deferred payments made on the installment plan. We do not think that the mere fact that the payment of $7.31 was designated as "carrying charges" precludes its deduction as interest if, in fact, it was a payment of this character. Under the facts, we conclude that the payment of this amount was in fact one of interest and deductible *237 as such. In petitioner's work as a hospital attendant he was required to wear white coat and trousers, white shirts and black ties and shoes. His white coats and trousers were furnished by the hospital, which also bore the cost of their laundry. Petitioner was required to furnish such white shirts, ties and shoes for which he expended $56.40 in the taxable year. He also expended $1 a week, or $52, for laundry of the shirts during the taxable year. These shirts, ties and shoes were purchased by petitioner only for the purpose of his work and used only while on duty. They were not taken home by petitioner but kept in a private locker furnished him at the hospital. He wore his regular street clothing to work and on arrival at the hospital each day this clothing was removed and the aforesaid work clothing put on. Petitioner's work brought him in contact with patients with contagious and infectious diseases, and the clothing bought by him and used in his work was not taken home by him or used by him other than in his services at the hospital. On the basis of these facts established, we conclude that the clothing in question falls in the same category as nurses' uniforms and that petitioner *238 is entitled to the deduction of the cost thereof, together with the laundering expense. On this issue respondent is reversed. Deduction was taken on the return of an item of $7, designated as "flower fund," but no proof was presented as to what such item represented. Its deduction is accordingly disallowed. On the return in question the tax was computed on the basis of the long form, but in computing the deficiency respondent computed the tax on the short from under section 400, Internal Revenue Code, by use of Supplement T, this being in the interest of petitioner in view of the disallowance by respondent of certain of the deductions taken. If, upon recomputation of taxable income under the foregoing opinion, it is to the interest of the petitioner for the computation of the tax to be upon the basis of Supplement T, it is assumed that the error assigned by petitioner as to this method of computation is not pressed. However if, in the recomputation, it is to the interest of petitioner to have the deficiency computed upon the basis of the long form, he is entitled to such computation, as it was upon this basis that his return was filed and the tax computed. *239 Decision will be entered under Rule 50.